# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: August 11, 2021

```
* * * * * * * * * * * * * * * * * * * * * * * *
LINDA JONES,                    *      No. 17-1486V
                                *
            Petitioner,         *      Special Master Sanders
v.                              *
                                *
SECRETARY OF HEALTH             *      Stipulation for Award; Influenza ("Flu")
AND HUMAN SERVICES,             *      Vaccine; Transverse Myelitis ("TM")
                                *
            Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Althea W. Davis*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 10, 2017, Linda Jones ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the Influenza ("flu") vaccine she received on September 17, 2015, caused her to suffer from Transverse Myelitis ("TM"). Pet. at 1, ECF No. 1. Petitioner further alleged that her injury lasted for more than six months. *Id.* ¶ 29.

On July 27, 2021, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stipulation ¶ 7, ECF No. 72. The parties state that "Respondent denies that the flu vaccine caused [P]etitioner's [TM] or any other injury or her current condition." *Id.* ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *See id.* ¶ 7. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A.   A lump sum of $233,689.62 (which amount includes $63,300.19 for Year One**

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

**Life Care Plan expenses, $5,389.43 for past unreimbursed expenses and $165,000.00 for Lost Wages and Past and Future Pain and Suffering) in the form of a check payable to [P]etitioner; and**

**B.  An amount sufficient to purchase the annuity contract described in the paragraph 10 [of the attached stipulation], paid to the life insurance company from which the annuity will be purchased [ ].**

**The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* ¶ 8.

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LINDA JONES, | ) |
| | ) |
| Petitioner, | ) No. 17-1486V |
| | ) Special Master |
| v. | ) Herbrina Sanders |
| | ) |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Linda Jones, petitioner, filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of the

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),

42 C.F.R. § 100.3 (a).

2. Petitioner received her influenza vaccine on September 17, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she sustained the first symptom or manifestation of transverse

myelitis ("TM") several weeks after she received the flu vaccine. Petitioner further alleges that

she has suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages by her or on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's transverse myelitis or any

other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of $233,689.62 (which amount includes $63,300.19 for Year One Life Care Plan expenses, $5,389.43 for past unreimbursed expenses and $165,000.00 for Lost Wages and Past and Future Pain and Suffering) in the form of a check payable to petitioner; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2

10. The Secretary of Health and Human Services agrees to purchase an annuity contract[1]

from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life

Insurance Company will agree to make payments periodically to petitioner for the following

items of compensation:

a.     For future unreimbursable insurance expenses (Out-of-Pocket Maximum), beginning on the first anniversary of the date of judgment, an annual amount of $6,700.00 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

b.     For future unreimbursable Gabapentin, Cephalexin, Oxybutynin, Venlafaxine-ER, and Tramadol expenses, beginning on the first anniversary of the date of judgment, an annual amount of $240.00 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of four percent (4%), compounded annually from the date of judgment;

c.     For future unreimbursable Over-the-Counter Medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $111.80 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

d.     For future unreimbursable Physical and Occupational Therapy expenses, beginning on the  first anniversary of the date of judgment, an annual amount of $700.00 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

e.     For future unreimbursable Orthotics/Splint expenses, beginning on the  first anniversary of the date of judgment, an annual amount of $6.99 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

f.     For future unreimbursable Incontinence Pad expenses, beginning on the  first anniversary of the date of judgment, an annual amount of $479.94 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

g.     For future unreimbursable Wheelchair expenses, beginning on the  first anniversary of the date of judgment, an annual amount of $31.46 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

[1] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

3

h.      For future unreimbursable Electric Scooter, battery, tires, and maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $999.30 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

i.      For future unreimbursable Shower Chair, handheld shower, bedrail, over-the-toilet commode, and adaptive dressing equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $83.38 to be paid for the remainder of Linda Jones's life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

j.      For future unreimbursable Assisted Living expenses, beginning on the first anniversary of the date of judgment, an annual amount of $50,040.00 to be paid up to the anniversary of the date of judgment in the year 2027; then, beginning on the anniversary of the date of judgment in the year 2027, an annual amount of $53,880.00 to be paid for the remainder of Linda Jones's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

4

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably expect to be made under any compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

5

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to petitioner resulting from, or alleged to have resulted from the influenza vaccination administered on September 17, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about October 10, 2017, in the United States Court of Federal Claims as petition No. 17-1486V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

6

items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccination caused petitioner's alleged transverse myelitis or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.


END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

7

Respectfully submitted,

PETITIONER:

*Linda Jones*

LINDA JONES

ATTORNEY OF RECORD FOR
PETITIONER:

*Ronald C Homer by Lauren tapa*

RONALD C. HOMER, ESQUIRE
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990
Rhomer@ccandh.com


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Heather L Pearlman*

HEATHER L. PEARLMAN
~~Acting~~ Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146


AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*Dale Mishler, DHSc, MS, APRN, for*

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857


ATTORNEY OF RECORD FOR
RESPONDENT:

*Althea Walker Davis by Heather L Pearl*

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515
Althea.Davis@usdoj.gov


Dated: **07/27/2021**

8